BLD-023                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2156
_____

WAYNE PETTAWAY,
                              Appellant

v.

MAXINE OVERTON, in her Individual and Official
Capacity as Corrections Healthcare Administrator at
SCI Albion's Medical Department; ROBERT MAXA,
in his Individual and Official Capacity as Medical Director
at SCI Albion's Medical Department; MELINDA ADAMS,
in her Individual and Official Capacity as Deputy Superintendent
at SCI Albion; NANCY GIROUX, in her individual and official
capacity as Superintendent at SCI Albion; DAVID ZETWO,
in his Individual and Official Capacity as Deputy Superintendent
for Facilities Management at SCI Albion; JOHN SKINDELL,
in his Individual and Official Capacity as I-B Unit Manager at SCI Albion;
JILL ALEXANDER-GOTTESMAN, in his Individual and Official
Capacity as Psychiatrist at SCI Albion
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-13-cv-00213)
District Judge:  Honorable Mark R. Hornak
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6.
October 22, 2015

Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed: November 4, 2015)
_____

OPINION[*]
_____

PER CURIAM

Wayne Pettaway appeals the District Court's orders granting Appellees' motions to dismiss and motion for summary judgment. We conclude that the District Court correctly determined that Pettaway's action was barred under 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies, and will summarily affirm.

Pettaway brought an action under 42 U.S.C. § 1983 alleging that Appellees violated his Eighth Amendment rights by failing to provide him with adequate medical monitoring and medical and mental health treatment during his incarceration.[1] Appellees Zetwo, Overton, Giroux, Skindell and Adams moved to dismiss his complaint for failure to state a claim, while appellee Maxa moved to dismiss for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act. Because Dr. Maxa submitted several exhibits in support of his motion, the Court converted the motion to dismiss to a motion for summary judgment. Appellee Jill Alexander-Gottesman moved to dismiss for failure to serve pursuant to Fed. R. Civ. P. 4(m).

The Magistrate Judge issued two Reports, recommending that the court grant Appellees' motions to dismiss and motion for summary judgment. She agreed that

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] Pettaway alleges that he suffers from serious mental disorders, Hepatitis C, cardiovascular disease, and kidney injuries. Because the parties are familiar with the complex procedural history of this case we need not describe it except to the extent it pertains to our disposition of the appeal.

2

Pettaway failed to allege Appellees' personal involvement in his injuries and noted that, of the non-medical supervisory officials Pettaway named as Defendants, he failed to demonstrate that they had any knowledge of, or acquiesced to, prison medical officials' mistreatment of Pettaway, as is required for a showing of deliberate indifference under the Eighth Amendment. Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). The Magistrate Judge also determined that Pettaway failed to utilize the administrative remedies available to him, and, therefore, was barred from filing suit in federal court. Finally, she determined that, because Appellee Jill Alexander-Gottesman had not been served, his motion to dismiss should be granted pursuant to Fed. R. Civ. P. 4(m).

In his objections to the Reports and Recommendations, Pettaway argued that he filed grievances through SCI-Albion's administrative system, but that Appellees denied his grievance. D.C. dkt. 97. He also asserted that he missed the deadline to file an administrative grievance because Appellees concealed his medical conditions from him. D.C. dkt. 95, 96. The District Court adopted the Reports and Recommendations in full in two orders dated March 24, 2015. This appeal followed.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. Our review of orders granting motions to dismiss and for summary judgment is plenary. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005) (stating standard of review over an order granting summary judgment); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (stating standard of review over dismissal under Federal Rule of Civil Procedure 12(b)(6)). We will summarily affirm the District Court's order where there is no substantial question presented by the appeal. Third Circuit LAR 27.4 and I.O.P. 10.6.

3

The Prison Litigation Reform Act ("PLRA") provides in 42 U.S.C. § 1997e(a) that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The prisoner must complete the administrative review process in accordance with the applicable procedural rules of the grievance system at his institution. Woodford v. Ngo, 548 U.S. 81, 95 (2006); Spruill, 372 F.3d at 231. It is the prison's requirements, and not the PLRA, that defines the boundaries of proper exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

The grievance system available to Pennsylvania state prisoners, DC-ADM 804, consists of three separate stages. First, a prisoner is required to timely submit a written grievance for review within fifteen days of the incident. Second, the inmate must submit a timely written appeal to intermediate review within ten working days. Finally, the inmate must submit a timely appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") within fifteen working days.

The District Court correctly concluded that Pettaway did not exhaust the administrative grievance process available to him. Of the many grievances he filed, the only appeal he made to SOIGA was unrelated to this suit—Pettaway grieved racial discrimination in the placement of inmates into prison jobs, not his medical treatment at issue here. D.C. dkt. 70, Exhibit B. Pettaway's argument, that he was unable to complete the administrative grievance process within the deadline because Appellees deliberately concealed his medical conditions, is unavailing. As the Magistrate Judge

4

explained, the record indicates that Pettaway received treatment for a variety of conditions, and that he refused treatment on some occasions. D.C. dkt. 45. His contention that he was unaware of his medical conditions is unpersuasive.[2]

Because Pettaway failed to exhaust available administrative remedies, we will affirm the judgment of the District Court. Pettaway's outstanding motions are denied.

---

[2] Because failure to exhaust is fatal to all of Pettaway's claims, we need not address whether his complaint otherwise failed to state a claim.